Newell, J.,
filed a concurring opinion.
Though I dissented to this Court’s opinion on original submission, I agree with the Court’s decision to deny Applicant’s motion for rehearing. Applicant argues that the trial court also recommended granting relief upon a “no evidence” claim and that this Court failed to address that as a possible ground for relief. But at bottom, Applicant’s claim in this regard merely rehashes an argument the Court necessarily considered and rejected: That proof that Applicant actually possessed meth rather than cocaine refuted an element of the offense of possession of cocaine.
Applicant is correct that this Court has previously wrestled with whether-in a possession of a controlled substance case-the identity of the item possessed is an element of the offense. See Watson v. State, 900 S.W.2d 60, 62 (Tex. Crim. App. 1995) (“We hold that the Legislature intended to make possession of each individual substance within the same penalty group a separate and distinct offense.”). But it now appears that the Court believes that the specific identity of the controlled substance is not a “crucial” fact necessary to prove up the offense of possession of a controlled substance. Instead, the State need only prove possession of a substance within a particular penalty group. So, to the extent Watson provided any authority for granting relief, the Court overruled it sub silen-tio on original submission in this case. This effectively resolved both claims for relief so reconsideration is not warranted.
Of course, by overruling Watson, we have raised a number of new issues. First, does this mean that a defendant who possesses multiple different controlled sub *825 stances that fall within the same penalty group is only guilty of one offense? We reached the opposite conclusion in Watson, but as mentioned above, Watson is no longer good law. Second, does the State even need to plead the specific identity of the substance possessed, or can it simply allege the specific penalty group in the indictment and say that the defendant possessed a substance within that penalty group? And finally, does the State have to prove the defendant knew which penalty group the possessed substance belonged in? However, none of these issues are presented in this case, so they will have to wait for future litigation in the wake of the Court’s holding.
In her dissent in Ex parte Palmberg, Judge Alcala opined that Palmberg implicitly overruled Ex parte Moble. Ex parte Palmberg, 491 S.W.3d 804, 819 (Tex. Crim. App. 2016) (Alcala, J., dissenting). If that was not true in Palmberg, it is certainly true now; with this case, she has been proven right. Palmberg has now swallowed both Mable and Watson. I disagree with this Court’s holding in this regard, and that is why I dissented. Nevertheless, reconsideration at this point is unwarranted given that the Court has already considered and rejected Applicant’s theory for relief.
With these thoughts I concur.